NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ALAN BUSH, | ) | No. C 10-05493 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| SANTA CLARA COUNTY DISTRICT ATTORNEY, et al., | ) ) ) | |
| Respondents. | ) ) | |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 11, 2011, Petitioner filed an amended petition, which is now the operative petition in this matter.[1]  (Docket No. 6.) Petitioner has paid the filing fee.

///

---

[1] The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. Mayle, 545 U.S. at 654-55 (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. Id. at 655.

**STATEMENT**

According to the amended petition, Petitioner pleaded nolo contendere to a violation of Penal Code § 475(a) and a violation of Penal Code § 496(a) in Santa Clara County Superior Court on December 21, 2006. (Am. Pet. at 1.) On April 5, 2007, the trial court imposed the suspended sentence. (Id.)

Petitioner filed state habeas petitions, with the last petition filed in the California Court of Appeal on June 24, 2010, which was denied on July 20, 2010. (Am. Pet. at 4, Ex. E.) Petitioner filed the instant federal petition on December 3, 2010, and the amended petition on March 11, 2011.

**DISCUSSION**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

Although Petitioner filed state petitions in the state superior and appellate courts, there is no indication that he filed a petition with the California Supreme Court. (Am. Pet. at 4.) After his petition in the state appellate court was denied, Petitioner filed the instant action. (Id.) It is clear that Petitioner has not exhausted state judicial remedies because he has not presented the state high court a fair opportunity to rule on the merits of the claims he raises in the instant petition. Accordingly, the instant petition must be dismissed for failure to exhaust state court remedies.

## CONCLUSION

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies.

IT IS SO ORDERED.

DATED: __6/13/11_____          _____
                                             JEREMY FOGEL
                                             United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\HC.10\Bush05493_dism-exh.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALAN BUSH,

        Plaintiff,

  v.

SANTA CLARA COUNTY DISTRICT ATTORNEY, et al.,

        Defendants.
                                              /

Case Number: CV10-05493 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/7/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Alan Bush DWF967-08086698
Santa Clara County Jail
885 N. San Pedro Avenue
San Jose, CA 95110

Dated: 7/7/11

                                          Richard W. Wieking, Clerk